14 CV 7954

Thomas S. Biemer, Esquire
Gregory A. Blue, Esquire
DILWORTH PAXSON LLP
99 Park Avenue, Suite 320
New York, NY   10016
T: (917) 675-4250
F: (212) 208-6874

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

IXI Mobile (R&D) Ltd. and
IXI IP, LLC,
               Plaintiffs

    v.

Apple, Inc.,
               Defendant.

-------------------------------------------------------------------x

Civil No.:   14-cv-07954-UA

ECF CASE

COMPLAINT AND JURY DEMAND

RECEIVED OCT 02 2014 U.S.D.C. S.D. N.Y. CASHIERS

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs IXI Mobile (R&D) Ltd. and IXI IP, LLC (collectively, "Plaintiffs"), for their Complaint against Defendant Apple, Inc. ("Defendant" or "Apple"), allege as follows:

### NATURE OF THE ACTION

1.    This is an action arising under the patent laws of the U.S. (35 U.S.C. § 100 *et seq.*) based upon Apple's infringement of U.S. Patent Nos. 7,295,532, 7,426,398, 7,016,648, and 7,039,033.

### THE PARTIES

2.    IXI Mobile (R&D) Ltd. ("IXI"; formerly known as IXI Mobile (Israel) Ltd.) is a company incorporated and registered under the laws of Israel with a registered address of 11 Moshe Levi Street Rishon Lezion 75658, Israel. IXI develops, makes, and sells wireless mobile

devices (e.g., cellular telephones and messaging devices) and related services.  IXI previously owned each of the patents at issue in this litigation (the "Patents-in-Suit") and now has an exclusive license to the Patents-in-Suit.

3. IXI IP, LLC ("IXI IP") is a New York limited liability company with its principle place of business located at 405 Lexington Avenue, Seventh Floor, Suite 726, New York, New York and with a registered address of 1218 Central Avenue, Suite 100, Albany, NY 12205.  IXI IP owns the Patents-in-Suit.   IXI IP has exclusively licensed the Patents-in-Suit to IXI.

4. Apple is a California corporation with its principal offices at 1 Infinite Loop, Cupertino, CA 95014.   On information and belief, Apple sells wireless mobile devices and related services.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. § 271.

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. The Court has personal jurisdiction over Apple because, among other things, Apple has committed and continues to commit acts of patent infringement within the U.S. and this Judicial District, in violation of 35 U.S.C. § 271.   Additionally, Apple maintains a place of business, including a retail store, in this District.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Apple has committed and continues to commit acts of patent infringement in this Judicial District, has induced and are continuing to induce others to infringe the Patents-in-Suit in this District, provides a substantial volume of goods to this District, and does a substantial amount

of business within this District, and thus has purposefully availed themselves of the privilege of conducting business within the State of New York and this Judicial District.

## BACKGROUND

9. This dispute involves technology called "mobile tethering," which permits a device to access a wide area network (such as the Internet) by way of a connection between the first device and a second, intermediary, device that has access to the wide area network. An example of mobile tethering is use of a cellular telephone as a source of Internet connectivity for a personal computer that is linked with the cellular telephone. Mobile tethering permits devices having only short-range connectivity to access distant networks using the long-range wireless connectivity of a second device. The dispute also involves technology relating to remote control of mobile communication devices such as cellular telephones.

10. IXI was formed in 2000 and develops phone operating systems and messaging devices.

11. IXI filed patent applications describing its technological developments in the field of mobile communications. The Patents-in-Suit are among the patents issued to IXI by the U.S. Patent and Trademark Office (USPTO).

## THE PATENTS-IN-SUIT

12. IXI IP is the owner, by assignment, of United States Patent No. 7,295,532 ("the '532 Patent"), titled "System, Device and Computer Readable Medium for Providing Networking Services on a Mobile Device," which duly and legally issued on November 13, 2007. The '532 Patent covers devices and systems that monitor and reconfigure network operators, including without user intervention. IXI Mobile is the exclusive licensee of the '532 Patent. A copy of the '532 Patent is attached as Exhibit A.

3

13. IXI IP is the owner, by assignment, of United States Patent No. 7,426,398 ("the '398 Patent"), titled "Event Control System and Method for a Mobile Communication Network," which duly and legally issued on September 16, 2008. The '398 Patent covers methods and systems for controlling mobile communication devices through messages communicated over a wireless communication network. IXI Mobile is the exclusive licensee of the '398 Patent. A copy of the '398 Patent is attached as Exhibit B.

14. IXI IP is the owner, by assignment, of United States Patent No. 7,016,648 ("the '648 Patent"), titled "Method, System and Computer Readable Medium for Downloading a Software Component to a Device in a Short Distance Wireless Network," which duly and legally issued on March 21, 2006. The '648 Patent covers methods, systems, and articles of manufacture for downloading software components to a short distance wireless network in response to device information and/or user information. IXI Mobile is the exclusive licensee of the '648 Patent. A copy of the '648 Patent is attached as Exhibit C.

15. IXI IP is the owner, by assignment, of United States Patent No. 7,039,033 ("the '033 Patent"), titled "System, Device and Computer Readable Medium for Providing a Managed Wireless Network Using Short-Range Radio Signals," which duly and legally issued on May 2, 2006. The '033 Patent covers systems, devices, and articles of manufacture that access information responsive to short-range radio signals. IXI Mobile is the exclusive licensee of the '033 Patent. A copy of the '033 Patent is attached as Exhibit D.

## APPLE'S INFRINGEMENT

16. As described below, Apple infringes the claims of each of the Patents-in-Suit directly (alone or jointly) and/or indirectly by contributing to and/or inducing direct infringement by others by making, using, offering for sale, importing into the United States, and/or encouraging

4

the manufacture, use, and sale of devices and/or services. For example, Apple's iPhone products (e.g., iPhone 3G, iPhone 3GS, iPhone 4, iPhone 5, iPhone5s, iPhone 5c, iPhone 6, and iPhone 6 Plus (the "Accused iPhone Products")), iPad products (e.g., "3rd Generation" iPad, iPad with Retina display, iPad 2, iPad mini, and iPad Air (the "Accused iPad Products")), and smartwatch products (e.g., Apple Watch (the "Accused Watch Devices)) (collectively, the "Accused Products") and reasonably similar products with Wireless Hotspot Features and/or Remote Control Features embody the apparatuses or practice the methods claimed by the Patents-in-Suit. The Accused Products meet the limitations of the Patents-in-Suit literally and/or under the doctrine of equivalents.

17.     As identified below, Accused Products with Wireless Hotspot Features, such as the "Personal Hotspot" feature (known as "Internet tethering" on iPhone 3G) or any reasonably similar feature that allows short range wireless tethering (e.g., 802.11, Bluetooth) with other devices to provide access to the Internet via a cellular connection (the "Accused Hotspot Devices"). The Accused Hotspot Devices include at least the Accused iPhone Products and Accused iPad Products that are Wi-Fi + Cellular and infringe certain Patents-in-Suit owned by IXI IP and licensed exclusively to IXI Mobile.

18.     As identified below, Accused Products with Remote Control Features, such as the "Wi-Fi syncing" feature or any reasonably similar feature that allows a device to wirelessly control an Accused Product (the "Accused Remote Control Devices"), infringe certain Patents-in-Suit. These Accused Remote Control Devices include at least the Accused iPhone Products and Accused iPad Products and are compatible with the iOS 7 operating system.

5

19. As identified below, Accused Watch Devices and reasonable similar devices designed to wirelessly pair with the Accused iPad Products or the Accused iPhone Products, infringe certain Patents-in-Suit.

20. The fields of mobile tethering, cellular telephony, and Internet connectivity are covered by many United States patents and patent applications claiming various aspects of these technologies, and it is a routine practice in these fields for major manufacturers and service providers to canvass United States patents and pending patent applications in order to identify those which may be relevant to a product or service to be made, used, sold, or offered for sale in, or imported into the United States prior to commencing such making, use, selling, offering, or importing.

21. On information and belief, Apple has been aware of the Patents-in-Suit prior to the filing of this lawsuit. Apple is the original assignee of a number of patents related to network communications with handheld devices that were filed after the Patents-in-Suit were published. A number of these patents, including U.S. Patent Nos. 8,260,337 and 8,588,836, reference patents whose original assignee is IXI Mobile, including the '648 Patent-in-Suit. On information and belief, in researching the patentability of their patents, Apple should have become aware of all of the Patents-in-Suit. In addition, Apple received actual notice of its infringement of the Patents-in-Suit at least as early as the date of service of this complaint. Therefore, Apple was aware of the Patents-in-Suit or willfully blinded themselves as to the existence of the Patents-in-Suit and made, used, sold, offered to sell, imported and/or encouraged the making, using, selling, offering to sell, or importing of the Accused Products despite knowing of an objectively high likelihood that its actions constituted infringement of the Patents-in-Suit at all times relevant to this suit.

117622660_1

**FIRST COUNT FOR RELIEF**

**(INFRINGEMENT OF THE '532 PATENT)**

22. The allegations of every preceding item in this Complaint are incorporated herein by reference.

23. Apple has and continues to directly infringe alone or jointly, literally and/or under the doctrine of equivalents, because it has and continues to make, use, offer for sale, sell, and/or import Accused Hotspot Devices and/or Wireless Hotspot Features in the United States without the authority of the owner of the '532 Patent in violation of 35 U.S.C. § 271(a).

24. Despite its knowledge or willful blindness of the '532 Patent described in Paragraphs 20 and 21, Apple has intentionally and actively induced others, such as its customers, end users, mobile network operators, distributors, and/or retailers, to make, use, offer for sale, sell, and/or import Accused Hotspot Devices, Accused Watch Devices, and/or Wireless Hotspot Features without the authority of the owner of the '532 Patent in violation of 35 U.S.C. § 271(b), for example through joint business planning, the provision of advertisements, technical specifications, instructional and/or promotional materials provided in connection with Accused Hotspot Devices and Accused Watch Devices, including for example the associated user manuals and other materials that instruct and encourage the purchaser to use the products in a manner that Apple knows to infringe.

25. Despite its knowledge or willful blindness of the '532 Patent described in Paragraphs 20 and 21, Apple has and continues to sell, offer for sale, and/or import into United States Accused Hotspot Devices and Accused Watch Devices without the authority of the owner of the '532 Patent in violation of 35 U.S.C. § 271(c).

26. On information and belief, Apple knew at all times relevant to this Complaint that Accused Hotspot Devices and Accused Watch Devices are especially made or especially adapted for use in the inventions claimed by the '532 Patent and are not staple articles of commerce suitable for non-infringing use.

27. IXI and IXI IP have sustained, are sustaining, and will continue to sustain damages owing to Apple's infringement of the '532 Patent.

28. Apple's infringement of the '532 Patent is continuing and is expected to continue unless enjoined by this Court. IXI and IXI IP do not have an adequate remedy at law, will be irreparably harmed if Apple's infringement of the '532 Patent is permitted to continue, and are therefore entitled to an injunction against further infringement by Apple pursuant to 35 U.S.C. § 283.

29. On information and belief, Apple's infringement of the '532 Patent is exceptional and IXI and IXI IP are therefore entitled to recover reasonable attorneys' fees incurred in prosecuting this action in accordance with 35 U.S.C. § 285.

## SECOND COUNT FOR RELIEF
## (INFRINGEMENT OF THE '398 PATENT)

30. The allegations of every preceding item in this Complaint are incorporated herein by reference.

31. Apple has and continues to directly infringe alone or jointly, literally and/or under the doctrine of equivalents, because it has and continues to make, use, offer for sale, sell, and/or import Accused Remote Control Devices and/or Remote Control Features in the United States without the authority of the owner of the '398 Patent in violation of 35 U.S.C. § 271(a).

32. Despite its knowledge or willful blindness of the '398 Patent described in Paragraphs 20 and 21, Apple has intentionally and actively induced others, such as its customers, end users, mobile network operators, distributors, and/or retailers, to make, use, offer for sale, sell, and/or import Accused Remote Control Devices and/or Remote Control Features without the authority of the owner of the '398 Patent in violation of 35 U.S.C. § 271(b), for example through joint business planning, the provision of advertisements, technical specifications, instructional and/or promotional materials provided in connection with Accused Hotspot Devices and Accused Watch Devices, including for example the associated user manuals and other materials that instruct and encourage the purchaser to use the products in a manner that Apple knows to infringe.

33. Despite its knowledge or willful blindness of the '398 Patent described in Paragraphs 20 and 21, Apple has and continues to sell, offer for sale, and/or import into United States Accused Remote Control Devices without the authority of the owner of the '398 Patent in violation of 35 U.S.C. § 271(c).

34. On information and belief, Apple knew at all times relevant to this Complaint that Accused Remote Control Devices are especially made or especially adapted for use in the inventions claimed by the '398 Patent and are not staple articles of commerce suitable for non-infringing use.

35. IXI and IXI IP have sustained, are sustaining, and will continue to sustain damages owing to Apple's infringement of the '398 Patent.

36. Apple's infringement of the '398 Patent is continuing and is expected to continue unless enjoined by this Court. IXI and IXI IP do not have an adequate remedy at law, will be irreparably harmed if Apple's infringement of the '398 Patent is permitted to continue, and are

therefore entitled to an injunction against further infringement by Apple pursuant to 35 U.S.C. § 283.

37. On information and belief, Apple's infringement of the '398 Patent is exceptional and IXI and IXI IP are therefore entitled to recover reasonable attorneys' fees incurred in prosecuting this action in accordance with 35 U.S.C. § 285.

### THIRD COUNT FOR RELIEF
### (INFRINGEMENT OF THE '033 PATENT)

38. The allegations of every preceding item in this Complaint are incorporated herein by reference.

39. Apple has and continues to directly infringe alone or jointly, literally and/or under the doctrine of equivalents, because it has and continues to make, use, offer for sale, sell, and/or import Accused Hotspot Devices and/or Wireless Hotspot Features in the United States without the authority of the owner of the '033 Patent in violation of 35 U.S.C. § 271(a).

40. Despite its knowledge or willful blindness of the '033 Patent described in Paragraphs 20 and 21, Apple has intentionally and actively induced others, such as its customers, end users, mobile network operators, distributors, and/or retailers, to make, use, offer for sale, sell, and/or import Accused Hotspot Devices, Accused Watch Devices, and/or Wireless Hotspot Features without the authority of the owner of the '033 Patent in violation of 35 U.S.C. § 271(b), for example through joint business planning, the provision of advertisements, technical specifications, instructional and/or promotional materials provided in connection with Accused Hotspot Devices and Accused Watch Devices, including for example the associated user manuals and other materials that instruct and encourage the purchaser to use the products in a manner that Apple knows to infringe.

10

41. Despite its knowledge or willful blindness of the '033 Patent described in Paragraphs 20 and 21, Apple has and continues to sell, offer for sale, and/or import into United States Accused Hotspot Devices and Accused Watch Devices without the authority of the owner of the '033 Patent in violation of 35 U.S.C. § 271(c).

42. On information and belief, Apple knew at all times relevant to this Complaint that Accused Hotspot Devices and Accused Watch Devices are especially made or especially adapted for use in the inventions claimed by the '033 Patent and are not staple articles of commerce suitable for non-infringing use.

43. IXI and IXI IP have sustained, are sustaining, and will continue to sustain damages owing to Apple's infringement of the '033 Patent.

44. Apple's infringement of the '033 Patent is continuing and is expected to continue unless enjoined by this Court.  IXI and IXI IP do not have an adequate remedy at law, will be irreparably harmed if Apple's infringement of the '033 Patent is permitted to continue, and are therefore entitled to an injunction against further infringement by Apple pursuant to 35 U.S.C. § 283.

45. On information and belief, Apple's infringement of the '033 Patent is exceptional and IXI and IXI IP are therefore entitled to recover reasonable attorneys' fees incurred in prosecuting this action in accordance with 35 U.S.C. § 285.

### FOURTH COUNT FOR RELIEF
### (INFRINGEMENT OF THE '648 PATENT)

46. The allegations of every preceding item in this Complaint are incorporated herein by reference.

47. Apple has and continues to directly infringe alone or jointly, literally and/or under the doctrine of equivalents, because it has and continues to make, use, offer for sale, sell, and/or import Accused Hotspot Devices and/or Wireless Hotspot Features in the United States without the authority of the owner of the '648 Patent in violation of 35 U.S.C. § 271(a).

48. Despite its knowledge or willful blindness of the '648 Patent described in Paragraphs 20 and 21, Apple has intentionally and actively induced others, such as its customers, end users, mobile network operators, distributors and/or retailers, to make, use, offer for sale, sell, and/or import Accused Hotspot Devices, Accused Watch Devices, and/or Wireless Hotspot Features without the authority of the owner of the '648 Patent in violation of 35 U.S.C. § 271(b), for example through joint business planning, the provision of advertisements, technical specifications, instructional and/or promotional materials provided in connection with Accused Hotspot Devices and Accused Watch Devices, including for example the associated user manuals and other materials that instruct and encourage the purchaser to use the products in a manner that Apple knows to infringe.

49. Despite its knowledge or willful blindness of the '648 Patent described in Paragraphs 20 and 21, Apple has and continues to sell, offer for sale, and/or import into United States Accused Hotspot Devices and Accused Watch Devices without the authority of the owner of the '648 Patent in violation of 35 U.S.C. § 271(c).

50. On information and belief, Apple knew at all times relevant to this Complaint that Accused Hotspot Devices and Accused Watch Devices are especially made or especially adapted for use in the inventions claimed by the '648 Patent and are not staple articles of commerce suitable for non-infringing use.

51. IXI and IXI IP have sustained, are sustaining, and will continue to sustain damages owing to Apple's infringement of the '648 Patent.

52. Apple's infringement of the '648 Patent is continuing and is expected to continue unless enjoined by this Court. IXI and IXI IP do not have an adequate remedy at law, will be irreparably harmed if Apple's infringement of the '648 Patent is permitted to continue, and are therefore entitled to an injunction against further infringement by Apple pursuant to 35 U.S.C. § 283.

53. On information and belief, Apple's infringement of the '648 Patent is exceptional and IXI and IXI IP are therefore entitled to recover reasonable attorneys' fees incurred in prosecuting this action in accordance with 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully request this Court to enter judgment in their favor against Defendant and to grant the following relief:

A. an adjudication that the Defendant has infringed one or more claims of the Patents-in-Suit pursuant to 35 U.S.C. §§ 271(a), 271(b), and/or 271(c);

B. a judgment declaring that continuing manufacture, use, offer for sale, sale, and/or importation of Accused Products, or inducement of or contribution to such conduct, by Defendant would constitute infringement of one or more claims of the Patents-in-Suit pursuant to 35 U.S.C. §§ 271(a), 271(b), and/or 271(c);

C. a permanent injunction enjoining Defendant and its corresponding officers, agents, servants, employees, attorneys, affiliates, divisions, subsidiaries, and all persons in active concert or participation with any of them, from infringing each of the Patents-in-Suit, and/or contributing

to or inducing anyone to do the same, including manufacture, use, offer to sell, sale, and/or importation of Accused Products before the expiration of each of the Patents-in-Suit;

D.	an award of damages sustained by Plaintiffs as a result of Apple's infringement of the Patents-in-Suit, in an amount to be ascertained at trial, including at least a reasonable royalty on sales of Accused Products and/or Plaintiffs' lost profits;

E.	an assessment of pre-judgment and post-judgment interest and costs against Apple, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

F.	a determination that this is an exceptional case and a corresponding award of reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

H.	such other or further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues properly so triable.

Dated:   October 1, 2014
         New York, New York

Respectfully submitted,

*Thomas S. Biemer*
Thomas S. Biemer, Esquire
Gregory A. Blue, Esquire
DILWORTH PAXSON LLP
99 Park Avenue, Suite 320
New York, NY 10016
T: (917) 675-4250
F: (212) 208-6874
tbiemer@dilworthlaw.com
gblue@dilworthlaw.com

Philadelphia, PA Office:

Thomas S. Biemer, Esquire
DILWORTH PAXSON LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
T: (215) 575-7025
F: (215) 575-7200

*Attorneys for the Plaintiff*